■ In the Matter of RUTH Y. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YVONNE Y., Appellant. (Proceeding No. 1.) In the Matter of KIMBERLY Y. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YVONNE Y., Appellant. (Proceeding No. 2.) [793 NYS2d 73]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Orange County (Kiedaisch, J.), dated March 13, 2003, made after fact-finding and dispositional hearings, which found that she had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the evidence presented

at the fact-finding hearing established that the Orange County Department of Social Services (hereinafter DSS) made diligent efforts to assist her in planning for the future of her children (*see* Social Services Law § 384-b). A DSS caseworker, inter alia, repeatedly advised the mother to attend parenting classes and to undergo a mental health evaluation, both of which were court ordered. The caseworker also scheduled visits with the children and repeatedly advised the mother of the ramifications of failing to comply with the court order. While the mother's financial struggles may have provided some explanation for her failure to obtain suitable housing, her financial status had no bearing upon her refusal to undergo a mental health evaluation and to attend parenting classes. Thus, the Family Court's finding that the mother permanently neglected her children was supported by clear and convincing evidence (*see Matter of Sheila G.,* 61 NY2d 368, 384-385 [1984]).

Contrary to the mother's contention, the finding that the termination of her parental rights would be in the children's best interests was supported by a preponderance of the evidence in the record (*see* Family Ct Act § 631; *Matter of Albert E.,* 259 AD2d 315 [1999]; *Matter of Latesha Nicole M.,* 219 AD2d 521 [1995]).

The mother's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.